**SCHWEGLER & CO., Inc. v SHAW, etc.**

Ohio Appeals, 9th Dist, Summit Co.

No. 3145. Decided May 5, 1939.

A. H. Johnson, Akron, and Carson, Howes & Roderick, Akron, for appellant.
Ben W. Holub, Akron, and H. B. Harris, Akron, for appellee.

## OPINION

By STEVENS, J.

Plaintiff (appellant) brought its action in the Court of Common Pleas of Summit County, Ohio, to recover against the defendant (appellee) the sum of $3,054.35, the balance which it alleges to be due upon the purchase price of certain merchandise claimed to have been sold by it to the defendant.

The petition was bottomed upon a writing which plaintiff asserted to be a contract between plaintiff and defendant, and the second cause of action set up an account for certain additional items of merchandise not included in the contract.

The answer filed by defendant, among other defenses averred payment of the balance due upon said alleged contract claim by reason of the plaintiff having accepted the promissory notes of a third person, one Henry Shaw, in satisfaction thereof.

Assuming that the defendant purchased the merchandise claimed to have been purchased under said contract, and that the balance was as alleged, the question presented is whether or not the acceptance by plaintiff of the promissory notes of a third person constitutes in law a payment of the obligation.

The record discloses a ledger sheet kept by the plaintiff which indicates that upon receipt by it of the promissory notes of Henry Shaw, the claim upon the contract was extinguished, because there is a "balance due" column which carries a notation at the time of the receipt of said notes, "balance due, 0."

There is a marked diversity of opinion among courts of the various states upon the subject of whether or not the acceptance of the notes of a third person constitutes a satisfaction or payment of the claim upon which they are accepted. However, the rule in Ohio, while, so far as we have been able to discover, not determined by the Supreme Court, has been announced by the Court of Appeals of Cuyahoga County as follows:

"1. Acceptance by creditor from debtor of third person's note discharges indebtedness, in absence of agreement that note is taken only as collateral.

"2. Burden of proving payment rests upon alleged debtor who pleads it.

"3. When alleged debtor proves transfer of third party's note to and acceptance by creditor, burden of procedure shifts to creditor to show by preponderance of evidence that note was taken only as collateral."

**Pahner v Leckie, 41 Oh Ap 436.**

In the instant case the record clearly discloses the acceptance by plaintiff-creditor of the notes of Henry Shaw, and there is no evidence in the record indicating that said notes were accepted as collateral; on the contrary, such evidence as there is indicates that the notes were accepted as payment of the account.

Under the circumstances here presented, assuming that Mrs. Henry Shaw was obligated to the plaintiff, there appear to be present all of the requisites of a contract of novation: 1. A previous valid obligation; 2. An agreement of the old parties to the new contract—i. e., of the two parties to the old contract and the party to the new contract; 3. That the new contract is so complete as to extinguish the old contract; and 4. The making of a valid new contract.

**Jarmusch v Otis Iron & Steel Co., 23 O. C. C. 122.**

We are of the opinion that the trial court did not err in directing the jury to return a verdict for the defendant upon the claim asserted in the first cause of action of plaintiff's petition.

Judgment affirmed.

WASHBURN, PJ. & DOYLE, J., concur.